**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| LURLINE HOOPER, § | |
| BOP No 31149-177 , § | |
|     Defendant-Movant, § | |
| § | |
| v. § | No.  3:03-CR-0173-D |
| §| (No.  3:05-CV-0521-D) |
| UNITED STATES OF AMERICA, § | |
|     Plaintiff-Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type Case:  This is a motion to set aside, vacate or correct sentence filed pursuant to 28 U.S.C. § 2255.

    Parties: Lurline Hooper ("Hooper" or "Movant") is a federal prisoner currently confined at FMC Carswell in Forth Worth, Texas.  Respondent is the United States of America.

    Statement of the Case: Hooper pled guilty to possession of firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)(1), on November 14, 2003.  On February 13, 2004, she was sentenced to 51 months in the penitentiary and three years of supervised release. Movant did not appeal her conviction.

    Hooper  filed the instant habeas petition on March 2, 2005.[1]  Respondent filed its response

---

[1] Movant filed a letter on March 7, 2005 which this court construed as a motion to vacate, set aside, and correct sentence under 28 U.S.C. § 2255.  The letter, which bears her signature, is

1

on July 11, 2005. Movant did not file a reply.

    <u>Findings and Conclusions</u>: Movant contends that her sentence violated *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) and *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005). (*See* Ground Two). She further alleges that her rights under the Fourth and Fifth Amendments (*See* Grounds One and Three) were violated. In response the government contends that her claims are time-barred and further that her *Booker* claim is not a cognizable ground for relief under § 2255.

    The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal inmates seeking relief under § 2255. *See* 28 U.S.C. §2255. Section 2255 provides in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant's judgment of conviction was entered on the docket on February 13, 2004. Her conviction, therefore, became final on February 23, 2004, the last day on which she could have

---

dated March 2, 2005. She is presumed to have placed her letter in the prison mailbox on the day which her letter was dated. *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir.1998)(per curiam).

appealed to the Fifth Circuit Court of Appeals from the judgment of conviction. See Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.") and Rule 26(a)(2). The one-year period began to run on February 24, 2004, the day after the conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir.1998), and expired on February 24, 2005. Movant did not file this §2255 motion until March 2, 2005, six days after the expiration of the one-year period.  Hooper has not alleged that she is entitled to equitable tolling.  Therefore, Hooper's § 2255 motion was untimely filed and should be dismissed.

Alternatively, even if her motion is not dismissed on limitations, she is not entitled to relief.  As a matter of law, Hooper's guilty plea waived her claims pursuant to her first and third grounds for relief.  *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973). In addition to this waiver by operation of law, Movant expressly waived any right to seek habeas corpus relief as part of the plea agreement pursuant to which she pled guilty to count one of the indictment. (*See* Plea Agreement, ¶ 11, cited in the Government's Resp. at page 2).  Her waiver was knowingly and understandably entered and is enforceable.  *See, e.g., United States v. White,* 307 F.3d 336, 339 (5th Cir. 2002).  Therefore she is prohibited from seeking relief pursuant to § 2255.

Further, although the Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), held that the United States Sentencing Guidelines were advisory rather than to be mandatorily applied, the Court made clear that the holdings in *Booker* applied only to cases on direct review.  *Id.* at 769.  Therefore, Hooper cannot seek relief in § 2255 proceedings

3

based on the *Booker* decision. *King v. Jeter*, 4:04-CV-0600-D, 2005 WL 195446 (N.D. Tex. Jan. 27, 2005).

RECOMMENDATION:

Hooper has failed to show that she is entitled to relief pursuant to 28 U.S.C. § 2255. It is therefore recommended that the motion be dismissed as time-barred or in the alternative that relief be denied.

The Clerk will mail a copy of this recommendation to Movant and to counsel for Respondent.

**SIGNED** this 9th day of August, 2005.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

4